MYERS, P.J.,
for the Court.
¶ 1. Samuel Lewis Goudy, Jr., appeals the Harrison County Circuit Court’s dismissal of his motion for post-conviction relief. Goudy was indicted as a habitual offender for the sale of cocaine. After pleading guilty, he received a thirty-year sentence. Goud/s sentence was suspended, provided that he comply with several conditions. Goudy did not comply with the conditions imposed, and his suspended sentence was revoked. He now appeals the dismissal of his motion for post-conviction relief, asserting two errors.
STATEMENT OF FACTS
¶ 2. On January 17, 2003, a Harrison County grand jury indicted Goudy as a habitual offender for the sale of cocaine. His indictment listed two previous felonies for transfer of a controlled substance. On February 15, 2005, Goudy pleaded guilty to the charge, and he was sentenced to thirty years, with twenty-seven years and ten months suspended, in the custody of the Mississippi Department of Corrections (MDOC). Upon his release from the custody of the MDOC, Goudy was to be placed on post-release supervision for four years. Thirteen conditions were attached to the suspended sentence.
¶ 3. On May 13, 2005, a petition to revoke post-release supervision was filed after Goudy admitted to smoking marijuana while on post-release supervision. The trial court sentenced Goudy to thirty days in jail. At the same hearing, the trial judge amended the original sentencing order to include the requirement that Goudy attend a restitution center. A second petition to revoke post-release supervision was filed on February 2, 2006, and heard on March 10, 2006. The trial court revoked Goudy’s post-release supervision and sentenced him to serve twenty years.
¶ 4. On March 4, 2007, Goudy filed a pro se motion for post-conviction relief asserting that his original sentence was illegal and that he had received ineffective assistance of counsel. On August 22, 2007, the trial court denied his motion to vacate the sentence and dismissed the petition for post-conviction relief. This appeal followed.
*187 STANDARD OF REVIEW
¶ 5. When reviewing a lower court’s decision to dismiss a petition for post-conviction relief this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Williams v. State, 872 So.2d 711, 712(¶ 12) (Miss.Ct.App.2004). However, where questions of law are raised the applicable standard of review is de novo. Id.
DISCUSSION
¶ 6. On appeal, Goudy asserts that his original sentence was statutorily illegal and that his counsel was ineffective for failing to pursue a speedy trial.
I. WHETHER GOUDY’S ORIGINAL SENTENCE WAS ILLEGAL.
¶ 7. Goudy asserts that his original sentence was illegal. The Mississippi Supreme Court has stated that Mississippi Code Annotated section 47-7-33 “prohibits the imposition of a suspended sentence and supervised probation on a prior convicted felon.” Johnson v. State, 925 So.2d 86, 105(¶ 39) (Miss.2006) (emphasis added) (see also Miss.Code Ann. § 47-7-33 (Rev.2004)). Goudy contends he was placed on probation and received a suspended sentence with the trial court’s knowledge of his prior convictions for transfer of a controlled substance, thus, violating Mississippi Code Annotated section 47-7-33. Goudy grounds his assertion in two areas: conditions placed on his suspended sentence were tantamount to probation, and the trial court used probation language in some of its orders.
¶ 8. In Johnson, our supreme court recently clarified “the ever-present sentencing problem that occurs when a prior convicted felon is given a split sentence of incarceration followed by MDOC supervision, whether it be classified as post-release supervision, or supervised probation.” Johnson, 925 So.2d at 91. In explaining the difference between probation and a suspended sentence, the court stated that “a probationary sentence is served under the supervision of probation officers, whereas a suspended sentence is served without such supervision, but on such legal terms and conditions as are required by the sentencing judge.” Id. at 92(¶ 12). Additionally, “a suspension of a sentence does not automatically mean that the defendant will be on probation and under a duty to report to a probation officer. It simply means that part of his entire sentence has been postponed pending the defendant’s good behavior or such other conditions as the cmirt may see fit to establish.” Id. at 93(¶ 12) (emphasis added) (quoting Carter v. State, 754 So.2d 1207, 1211(¶ 13) (Miss.2000) (Mills, J., dissenting)). “[A] trial court may impose a suspended sentence for a term up to the maximum sentence allowed by law.” Id.
¶ 9. Additionally, when a defendant receives post-release supervision as part of his sentence, the trial court invokes the requirements of Mississippi Code Annotated section 47-7-34 (Rev.2004). The supreme court in Johnson also clarified the application of Mississippi Code Annotated section 47-7-34 as follows:
Mississippi Code Annotated section 47-7-34 does not prohibit the imposition of post-release supervision upon a prior convicted felon, nor does this statute limit the period of post-release supervision to a period of five years; but in-. stead, the period of post-release supervision is limited only to the number of years, which when added to the total period of incarceration, would not exceed the maximum penalty statutorily prescribed for the felony offense committed[.]
Johnson, 925 So.2d at 105(¶ 39).
¶ 10. Turning to the case before us, Goudy, a prior-convicted felon, was sen *188 tenced to thirty years. He was ordered to serve two years and two months in incarceration, with the remainder of the sentence suspended, and four years of post-release supervision. Goudy was not ordered to carry out his suspended sentence under the supervision of a probation officer; thus, he was not placed on probation. The trial court, within its judicial discretion, lawfully placed conditions on his suspended sentence. Moreover, Goudy’s combined periods of incarceration and post-release supervision do not exceed the maximum penalty statutorily prescribed for the felony offense committed. Regardless of the trial court’s failure to cite statutory authority in its sentencing order, it clearly gave a proper sentence within the statutory guidelines. Therefore, Goudy’s sentence was not illegal under Miss.Code Ann. §§ 47-7-33 or 47-7-34.
¶ 11. Goudy also argues he was placed on probation because of the language used by the trial court in some of its orders. In ruling on both motions to revoke Goudy’s sentence, the trial court’s order stated that it was a petition to revoke probation and ordered Goudy’s probation be revoked. These misstatments do not amount to the defendant being placed on probation; thus, the misstatements had no effect on Goudy’s actual sentence. Consequently, Goudy’s sentence was not illegal under Mississippi Code Annotated section 47-7-33.
II. WHETHER GOUDY RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 12. Goudy asserts he received ineffective assistance of counsel because his attorney did not sufficiently pursue his constitutional right to a speedy trial.
¶ 13. In order to prevail on the issue of whether his defense counsel’s performance was ineffective, a defendant “must prove that his counsel’s performance was deficient and that he was prejudiced by counsel’s mistakes.” Kinney v. State, 737 So.2d 1038, 1041(¶ 8) (Miss.Ct.App.1999) (citing Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The test set forth in Strickland to determine whether the defendant has received ineffective assistance of counsel applies to challenges to guilty pleas as well. Id. Furthermore, “[tjhere is a strong but rebuttable presumption that counsel’s conduct fell within the wide range of reasonable professional assistance.” Id.
¶ 14. In the instant ease, Goudy pleaded guilty to transfer of a controlled substance. His attorney elected not to pursue the speedy trial issue perhaps as a trial strategy in that it would provide leverage for Goudy to use the speedy trial issue as a fallback position if his plea was adverse. This decision falls within the ambit of trial strategy and cannot give rise to an ineffective assistance of counsel claim. See Carr v. State, 873 So.2d 991, 1003(¶36) (Miss.2004).
¶ 15. Moreover, “a guilty plea waives the right to a speedy trial, whether that right is of constitutional or statutory origin.” Id. at 400(¶ 3) (citing Anderson v. State, 577 So.2d 390, 391-92 (Miss.1991)). Thus, Goudy cannot assert his counsel was defective because he failed to pursue a speedy trial, as he waived this right when he pleaded guilty to the charge and signed the plea agreement waiving his right to a speedy trial.
¶ 16. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
*189 KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.