MAXWELL, J.,
for the Court:
¶ 1. On July 30, 2008, Robert Hill pled guilty in the Lauderdale County Circuit Court to first-degree arson. He was sentenced pursuant to a plea agreement with the State to eight years without eligibility for parole or probation. On November 12, 2009, Hill filed a motion for post-conviction relief (PCR), which the circuit court denied. On appeal, he argues: (1) his trial counsel was ineffective for not raising his right to a speedy trial, and (2) his guilty plea was involuntary because he was not advised of the essential elements of the crime of first-degree arson.
¶ 2. Because Hill waived his right to a speedy trial by pleading guilty, and he fails to show that any conduct by his attorney rendered that decision involuntary, we find that he has failed to show his attorney was ineffective. Because the record clearly reflects that the elements of first-degree arson were explained to Hill, we reject his argument that his plea was involuntary. Therefore, we affirm.
STANDARD OF REVIEW
¶ 3. In considering the denial of a PCR motion, we review the trial court’s findings of fact for clear error. Rowland v. State, 42 So.3d 503, 506 (¶8) (Miss. 2010). When reviewing questions of law, our standard is de novo. Id. The trial court may summarily dismiss a PCR motion where “it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any reliefi.]” Miss.Code Ann. § 99-39-11(2) (Supp.2010). See also State v. Santiago, 773 So.2d 921, 923-24 (¶ 11) (Miss.2000). We will affirm the summary dismissal of a PCR motion if the movant fails to demonstrate “a claim procedurally alive substantially showing the denial of a state or federal right.” Robinson v. State, 19 So.3d 140, 142 (¶ 6) (Miss.Ct.App.2009).
' DISCUSSION
I. Ineffective Assistance of Counsel
¶ 4. Hill contends his counsel was ineffective for failure to raise his constitutional right to a speedy trial. See Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) (establishing a four-part balancing test to determine whether a Sixth Amendment speedy-trial violation occurred). A period of 367 days passed between Hill’s arrest and his guilty plea.
¶ 5. To show ineffective assistance of counsel, Hill must meet Strickland’s two-part test: (1) his attorney’s performance was deficient, and (2) the deficiency was prejudicial. Strickland v. *827 Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To qualify as deficient, the attorney’s performance must fail to meet “an objective standard of reasonableness.” Id. at 688, 104 S.Ct. 2052. There is a “strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance!.]” Id. at 689, 104 S.Ct. 2052. In the context of guilty pleas, the Fifth Circuit Court of Appeals has explained:
It is the lawyer’s duty to ascertain if the plea is entered voluntarily and knowingly. He must actually and substantially assist his client in deciding whether to plead guilty. It is his job to provide the accused an understanding of the law in relation to the facts. The advice he gives need not be perfect, but it must be reasonably competent. His advice should permit the accused to make an informed and conscious choice.
Childress v. Johnson, 103 F.3d 1221, 1227 (5th Cir.1997). For prejudice to exist, there must be a “reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Strickland, 466 U.S. at 694, 104 S.Ct. 2052. “In the context of guilty pleas, this means the defendant must show that, were it not for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.” Burrough v. State, 9 So.3d 368, 375 (¶ 22) (Miss.2009).
¶ 6. The Mississippi Supreme Court has held that where a defendant voluntarily pleads guilty to an offense, he waives all non-jurisdictional rights incident to trial, including the constitutional right to a speedy trial. Anderson v. State, 577 So.2d 390, 391-92 (Miss.1991). Federal courts have uniformly agreed with this rule. See Thye v. United States, 96 F.3d 635, 637 (2d Cir.1996); Cox v. Lockhart, 970 F.2d 448, 453 (8th Cir.1992); Tiemens v. United States, 724 F.2d 928, 929 (11th Cir.1984); United States v. Gaertner, 583 F.2d 308, 311 (7th Cir.1978); Karcher v. Wainwright, 476 F.2d 179, 180 (5th Cir.1973); United States v. Cook, 463 F.2d 123, 125 n. 6 (5th Cir.1972). This “waiver includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.” United States v. Cavitt, 550 F.3d 430, 441 (5th Cir.2008) (quoting Smith v. Estelle, 711 F.2d 677, 682 (5th Cir.1983)) (internal quotations omitted).
¶ 7. In keeping with this approach, our courts have found ineffective-assistance claims based on the failure to raise speedy-trial issues waived where the plea was voluntary and intelligent, but they have found such claims not waived to the extent the plea was rendered involuntary by ineffective assistance. Compare Anderson, 577 So.2d at 391-92 (ineffective-assistance claim waived where there is no issue concerning the voluntariness of the guilty plea); Madden v. State, 991 So.2d 1231, 1237 (¶¶ 24-26) (Miss.Ct.App.2008) (same); Goudy v. State, 996 So.2d 185, 188 (¶ 15) (Miss.Ct.App.2008) (same); with Roland v. State, 666 So.2d 747, 749-50 (Miss.1995) (claim not waived to the extent counsel’s ineffective assistance renders guilty plea involuntary); Mason v. State, 42 So.3d 629, 633 (¶ 10) (Miss.Ct.App.2010) (a guilty plea does not waive the right to effective counsel).
¶ 8. In Madden, this court held that an ineffective-assistanee-of-counsel claim based on failure to pursue speedy-trial issues was waived. Madden, 991 So.2d at 1237 (¶¶ 24-26). The petitioner, Madden, claimed his counsel was ineffective for failing to raise his right to a speedy trial during the 1,030-day delay from his arrest until his guilty plea. Id. at 1237 (¶ 24). Because Madden’s plea petition stated that *828 he understood he was waiving his right to a speedy trial, we found the issue waived. Id. at (¶¶ 25-26). Similarly, in Goudy, we concluded the PCR movant had waived his right to claim his counsel was ineffective for failing to pursue a speedy trial where the movant’s signed plea agreement specifically waived this right. Goudy, 996 So.2d at 188 (¶ 15). Both of these decisions cited Anderson where the supreme court found a PCR petitioner had waived his right to complain about a speedy-trial violation. Anderson, 577 So.2d at 391-92.
¶ 9. In Hill’s petition to enter a guilty plea, he acknowledged by writing his initials that he understood that he could plead not guilty. The petition also reflected that he understood that by pleading guilty he was relinquishing various constitutional rights, including the right to a speedy and public trial by jury. Hill agreed to waive these rights.
¶ 10. During his plea hearing, the court specifically asked Hill if he had read the section of his petition pertaining to his constitutional rights that he was waiving. Hill answered that he had. He agreed his attorney had represented him well, and no one had coerced him into pleading guilty. Hill further acknowledged he understood his constitutional rights, and his attorney had explained any questions he had concerning them. After waiving these rights, Hill maintained that he wished to plead guilty.
¶ 11. A guilty plea is binding where it is entered voluntarily, knowingly, and intelligently. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). A plea will be deemed to meet this standard where “the defendant is advised concerning the nature of the charge against him and the consequences of the plea.” Mason, 42 So.3d at 632 (¶ 7). Specifically, the defendant must be advised that his guilty plea waives multiple constitutional rights. Hannah v. State, 943 So.2d 20, 25 (¶ 12) (Miss.2006). The PCR movant has the burden to show his plea was not voluntary. Id. at (¶ 11).
¶ 12. Our supreme court has explained that in assessing the voluntariness of a guilty plea:
[T]he thoroughness with which [the defendant] was interrogated by the lower court at the time his plea was tendered is the most significant evidence of all. For, without regard to the advice or instructions [the defendant] may have been given by his attorney, the lower court’s questioning and explanations to [him] of his rights and of the consequences of his plea were sufficient to render the plea voluntary.
Gardner v. State, 531 So.2d 805, 809-10 (Miss.1988). Additionally, the supreme court has held that “[s]olemn declarations in open court carry a strong presumption of verity.” Baker v. State, 358 So.2d 401, 403 (Miss.1978).
¶ 13. Hill provides no facts or evidence showing why his attorney’s performance rendered his guilty plea unintelligent, other than asserting that the passage of 367 days between his arrest and his guilty plea entitles him to relief. We find this bare allegation insufficient to show his guilty plea was not intelligent or that his counsel rendered ineffective assistance. Hill must show that some error by his counsel prevented him from understanding his right to a speedy trial, which by all indications, he voluntarily waived. His failure to show any unreasonable mistake by his counsel is fatal to his ineffective-assistance-of-counsel claim. Though we find no indication of any error by Hill’s attorney, we further note that the circuit judge ensured that Hill understood his constitutional right to a speedy trial and wished to waive it by pleading guilty.
*829 ¶ 14. Hill relies on Robinson to support his claim of ineffective assistance. Robinson v. State, 920 So.2d 1009, 1012-14 (¶¶ 11-18) (Miss.Ct.App.2003) (remanding for an evidentiary hearing on the issue of ineffective assistance of counsel for failure to seek dismissal on speedy-trial grounds). The Office of the Attorney General urges us to overrule Robinson as inconsistent with other Mississippi case law. The Robinson court noted:
The State asserts that Robinson’s [ (the defendant) ] voluntary guilty plea waived his right to raise a speedy trial violation. The State is correct. However, Robinson raises a speedy trial violation in order to establish that he received ineffective assistance of counsel. We review the argument because an ineffective assistance of counsel claim is cognizable on post-conviction relief from a voluntary guilty plea.
Id. at 1012 (¶ 11) (emphasis added). If not for the word “voluntary” in the last sentence of this quote, this rule from Robinson would be accurate. This is so because a cognizable ineffective-assistance-of-counsel claim exists where the guilty plea is rendered involuntary by counsel’s conduct. See, e.g., Cavitt, 550 F.3d at 441. To the extent Robinson holds that an ineffective-assistance-of-counsel claim may be pursued following a voluntary guilty plea, we limit its application.
¶ 15. We also clarify that the two supreme court cases cited for the above quote from Robinson do not stand for the notion that a PCR movant may — from a voluntary guilty plea — contest his counsel’s effectiveness for not raising his right to a speedy trial. See Hymes v. State, 703 So.2d 258, 260-61 (¶¶ 11-14) (Miss.1997); Roland, 666 So.2d at 749. Roland simply suggests that an ineffective-assistance-of-eounsel claim can arise following a guilty plea to the extent the plea was involuntary because of counsel’s conduct. Roland, 666 So.2d at 749-50. Given that the defendant’s plea in Roland was knowing, voluntary, and intelligent, the supreme court found no merit to the ineffective-assistance claim. Id. at 750. In Hymes, the supreme court reversed and remanded for an evidentiary hearing on the issue of ineffective assistance of counsel, which had been alleged on a number of grounds. Hymes, 703 So.2d at 260-61 (¶¶ 10-16). The court did not hold that an ineffective-assistance claim may arise from a voluntary guilty plea.
¶ 16. We conclude by finding Hill has not made the required showing that his attorney’s conduct rendered his guilty plea involuntary. Thus, he cannot prevail on his ineffective-assistance-of-counsel claim.
II. Voluntariness of Guilty Plea
¶ 17. Hill finally argues that his guilty plea is involuntary because he was not specifically advised by the circuit judge of the elements of first-degree arson. However, Hill did not raise this issue with any specificity in his PCR motion, which is a procedural bar. Hamilton v. State, 44 So.3d 1060, 1065 (¶ 15) (Miss.Ct.App.2010) (Ponder v. State, 335 So.2d 885, 886 (Miss.1976)). Still we will address the merits of his claim.
¶ 18. Hill cites our decision in Jones v. State, 936 So.2d 993 (Miss.Ct.App.2006). In Jones, we reversed a trial court’s denial of a PCR motion in which the defendant claimed his guilty plea was involuntary because he was not informed of the elements of the offense. Id. at 994 (¶ 3). We recently explained the proper application of Jones and need not repeat that discussion here. See Simoneaux v. State, 29 So.3d 26, 34 (¶¶ 25-29) (Miss.Ct.App.2009). It suffices to say that Jones went no further than holding that “boilerplate language in a plea petition” cannot in itself *830 show a defendant understood the nature and elements of the crime to which he is pleading guilty. Simoneaux, 29 So.3d at 34 (¶¶ 25-26).
¶ 19. And here, Hill’s plea petition contains more than mere boilerplate language that he had spoken with his attorney about the nature of the charge against him. In Hill’s petition, responding to a question about the basis of his guilty plea, it. is handwritten that: “On July 28, 2007[,] I feloniously [and] maliciously set fire to [and] burned the dwelling house of Jeffery Hill in Lauderdale County, Mississippi.” See Miss.Code Ann. § 97-17-1(1) (Rev. 2006).[1] Later at his plea hearing, Hill swore he was pleading guilty with a full understanding of the matters set forth in the indictment. He also acknowledged his lawyer had advised him of what the State was required to prove at trial to a jury beyond a reasonable doubt. Hill agreed that he understood “those essential elements.”
¶ 20. A trial court need not explain the elements of the offense to the defendant. Bradshaw v. Stumpf, 545 U.S. 175, 183, 125 S.Ct. 2398, 162 L.Ed.2d 143 (2005). “Rather, the constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel.” Id.
Any person who willfully and maliciously sets fire to or burns ... any dwelling house, whether occupied, unoccupied or vacant ... shall be guilty of arson in the first degree[.]
¶ 21. The trial court ensured that Hill’s attorney had explained the elements of the offense and that Hill understood the nature of the charges. We find Hill’s bare assertions in his brief cannot overcome the strong presumption that his sworn statements in open court were true. And though his argument is not framed as one of ineffective assistance of counsel, we again note he has not shown his counsel’s performance was in any way deficient.
¶ 22. We therefore affirm the circuit court’s judgment.
¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUD-ERDALE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. MYERS, J„ NOT PARTICIPATING.

. Mississippi Code Annotated section 97-17-1(1) provides: