ROBERTS, J.,
for the Court:
¶ 1. Erick Lee Howard claims the DeSo-to County Circuit Court erred when it summarily dismissed his motion for post-conviction relief (PCR). Howard argues that he received ineffective assistance of counsel when he pled guilty to armed robbery, thereby avoiding prosecution for aggravated assault and attempted murder-for-hire. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Howard was charged with armed robbery, aggravated assault, and attempted murder-for-hire. Howard later filed a petition to plead guilty to armed robbery. In exchange for Howard’s guilty plea, the prosecution agreed that it would not pursue the aggravated-assault and attempted-murder-for-hire charges that Howard faced. Ultimately, Howard entered a “best-interest” guilty plea under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The DeSoto County Circuit Court sentenced Howard to sixteen years in the custody of the Mississippi Department of Corrections (MDOC) followed by five years of post-release supervision. True to the prosecution’s word, the other two charges against Howard were “remanded.”
¶ 3. Less than a year later, Howard filed a motion for post-conviction relief. Howard claimed his guilty plea was involuntary based on numerous allegations of ineffective assistance of counsel. The circuit court summarily dismissed Howard’s PCR motion. Howard appeals.
¶ 4. Howard attempts to raise six issues that are based on the premise that he received ineffective assistance of counsel. Specifically, Howard claims his court-appointed attorney rendered ineffective assistance when he failed to raise a speedy-trial violation; failed to attempt to suppress Howard’s involuntary statements; failed to inform Howard of some unspecified affirmative defense; failed to prevent Howard from pleading guilty to a fatally defective indictment; and failed to prevent Howard from pleading guilty despite there having been no probable cause for Howard’s arrest. Additionally, Howard claims that he was prejudiced in preparing his appeal because he did not receive a copy of the transcript of his guilty-plea hearing as *252 fast as he thought he should. Finding no error, we affirm the circuit court’s judgment.
STANDARD OF REVIEW
¶ 5. “This Court will not disturb a trial court’s dismissal of a [motion] for post-conviction relief unless the trial court’s decision was clearly erroneous.” Wardley v. State, 37 So.3d 1222, 1223-24 (¶ 4) (Miss.Ct.App.2010).
ANALYSIS
¶ 6. Howard carefully couched his arguments on appeal so that they all relate to the concept that he received ineffective assistance of counsel. First, Howard claims his attorney was ineffective because he failed to raise Howard’s claim that his speedy-trial rights were violated. Howard failed to note that his attorney presented Howard’s speedy-trial claim during a hearing on the subject. The circuit court found that Howard’s speedy-trial rights were not violated due to the delay between Howard’s arrest and trial because Howard was in federal custody in Tennessee. Additionally, when “a defendant voluntarily pleads guilty to an offense, he waives all non-jurisdictional rights incident to trial, including the constitutional right to a speedy trial.” Hill v. State, 60 So.3d 824, 827 (¶ 6) (Miss.Ct.App.2011) (citation omitted).
¶ 7. Accordingly, Howard also waived his right to argue that his attorney should have attempted to suppress unspecified statements that Howard claims he made to a confidential informant. Apparently, those statements related to the charge that Howard attempted to hire someone to murder Robin Bryan. Howard was not convicted of attempted murder-for-hire.
¶ 8. Howard further waived his claims that his attorney did not inform him of some unspecified affirmative defense; that his attorney failed to argue that there was no probable cause for an arrest related to a crime for which he was not convicted; and that his attorney failed to discover that someone else had been arrested for one of the same charges Howard faced. Howard does not elaborate how his attorney’s alleged lack of investigation would impact his defense against the armed-robbery charge to which he pled guilty-especially since that third party was apparently not charged with the same armed robbery. Furthermore, Howard’s claim that his attorney was ineffective because he allowed Howard to plead guilty to a fatally defective indictment has no merit. Howard argues that the attempted-murder-for-hire charge was fatally defective. But Howard did not plead guilty to that charge.
¶ 9. Howard’s attorney negotiated a plea arrangement that allowed Howard to avoid prosecution for aggravated assault and attempted murder-for-hire. Additionally, Howard’s attorney helped Howard avoid being sentenced as a habitual offender based on Howard’s two prior convictions for robbery and one prior conviction for theft. Instead of a possible life sentence, Howard was sentenced to sixteen years in the custody of the MDOC. Howard’s attorney argued Howard’s speedy-trial issue, but the circuit court found that the delay in trying Howard was related to Howard’s incarceration in federal prison. The prosecution was ready to try Howard that very day. The jury panel was waiting in the courtroom when Howard opted to plead guilty to one charge instead of going to trial on three charges. We find no merit to Howard’s claim that he received ineffective assistance of counsel.
¶ 10. Finally, Howard failed to explain how he was prejudiced regarding the timeliness of his receipt of a copy of his guilty-plea transcript. Howard concedes *253 that he received a copy of his transcript before he filed his PCR motion. There is no merit to Howard’s claim that the circuit court somehow erred by summarily dismissing his PCR motion because he did not get a copy of his transcript soon enough to suit him.
¶ 11. “A guilty plea is binding where it is entered voluntarily, knowingly, and intelligently.” Hill, 60 So.3d at 828 (¶ 11). A guilty plea meets this standard if “the defendant is advised concerning the nature of the charge against him and the consequences of the plea.” Id. Howard bore the burden of demonstrating that his attorney’s ineffectiveness rendered his guilty plea involuntary. Id. Despite presenting evidence that Howard would not have pled guilty if his attorney had been able to successfully argue issues that were not related to the crime for which Howard pled guilty, Howard failed to prove that his attorney did anything that rendered Howard’s guilty plea to armed robbery involuntary. We find no merit to this issue.
¶ 12. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., NOT PARTICIPATING.