# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01029-COA

**ELROY KENNEDY A/K/A ELORY KENNEDY**                               **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                           **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/06/2014 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER JR. |
| COURT FROM WHICH APPEALED: | CHOCTAW COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ELROY KENNEDY (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF DENIED |
| DISPOSITION: | AFFIRMED - 11/10/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., BARNES AND JAMES, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.     Elroy Kennedy, appearing pro se, appeals the Choctaw County Circuit Court's denial of his motion for post-conviction relief (PCR). Finding no error, we affirm.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.     In July 2009, Kennedy was indicted for statutory rape of a child under fourteen years of age, under Mississippi Code Annotated section 97-3-65(1)(b) (Rev. 2014). Kennedy pleaded guilty to the crime and was sentenced to twenty-five years in the custody of the Mississippi Department of Corrections.

¶3. In April 2012, Kennedy filed a PCR motion claiming his indictment had been falsified and his counsel was ineffective. Kennedy appealed the trial court's denial of his motion, and this Court affirmed that denial. *Kennedy v. State*, 118 So. 3d 684, 687 (¶14) (Miss. Ct. App. 2013).

¶4. In April 2014, Kennedy filed another PCR motion, making similar claims to his initial PCR motion. The trial court denied his motion, stating it was barred by the statute of limitations and as a successive motion. Kennedy now appeals, claiming his indictment was defective and he received ineffective assistance of counsel.

## STANDARD OF REVIEW

¶5. On review of a trial court's denial of a PCR motion, the appellate court will only disturb the trial court's factual findings if they are clearly erroneous. Matters of law, however, are reviewed de novo. *Doss v. State*, 19 So. 3d 690, 694 (¶5) (Miss. 2009) (citations omitted).

## ANALYSIS

¶6. We agree with the trial court that Kennedy's PCR motion is time-barred, successive, and without merit. A PCR motion challenging a guilty plea must be filed within three years of the entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Rev. 2015). Additionally, a trial court's denial of a PCR motion is a final judgment and bars a second or successive motion unless an exception applies. Miss. Code Ann. § 99-39-23(6) (Rev. 2015).

¶7. Here, both procedural bars are applicable. Kennedy pleaded guilty and was sentenced in August 2009. The PCR motion before us was filed in April 2014, nearly five years later.

2

Thus, Kennedy's PCR motion is time-barred. Also, the PCR motion before us is Kennedy's second one; his initial PCR motion was filed in April 2012. This Court affirmed the trial court's denial of the merits of Kennedy's PCR motion in *Kennedy*, 118 So. 3d 684. Approximately two years later, Kennedy filed his second PCR motion, which is thus barred as successive.

¶8. Kennedy argues that his second PCR motion is excepted from any procedural bars because of newly discovered evidence and because his claims pertain to fundamental constitutional rights. He cites *Rowland v. State*, 42 So. 3d 503, 506-07 (¶¶9, 12) (Miss. 2010), in support of his argument, where the supreme court held that "errors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act]." However, "[i]n Mississippi, since *Rowland*, only four types of 'fundamental rights' have been expressly found to survive PCR procedural bars: (1) double jeopardy; (2) illegal sentence; (3) denial of due process at sentencing; and (4) ex post facto claims." *Boyd v. State*, 155 So. 3d 914, 918 (¶13) (Miss. Ct. App. 2014). None of Kennedy's claims are included in the fundamental rights that survive procedural bars. Nor has the supreme court held that ineffective-assistance-of-counsel claims in noncapital cases invoke a fundamental right that eludes PCR procedural bars. *Compare Grayson v. State*, 118 So. 3d 118, 126 (¶14) (Miss. 2013) (holding there is a fundamental constitutional right to effective assistance of post-conviction-relief counsel in death-penalty cases), *with Boyd*, 155 So. 3d at 918 (¶13) (identifying four types of "fundamental rights" recognized by the Mississippi Supreme Court to survive procedural bars). Further, no other statutory

3

exceptions apply to the procedural bar, as provided in sections 99-39-5(2) or 99-39-23(6).

¶9. Notwithstanding the procedural bars, Kennedy's arguments are without merit. He argues that his indictment was invalid as it charged him with the wrong crime; however, "a valid guilty plea admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment or information against a defendant." *McClurg v. State*, 758 So. 2d 473, 479 (¶17) (Miss. Ct. App. 2000) (citations omitted). It is true that Kennedy's arrest-warrant affidavit charged him with sexual battery; yet the grand jury indicted him for statutory rape. The grand jury acted within its power in indicting Kennedy for this charge.

¶10. Kennedy also argues that his trial counsel was ineffective for failing to object to this alleged error in his indictment. To prevail on this claim, the defendant must show that his trial counsel's performance was deficient and he was prejudiced by that deficiency. *McCollum v. State*, 81 So. 3d 1191, 1192-93 (¶8) (Miss. Ct. App. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Because Kennedy's claim stems from a guilty plea, he must show that his "counsel's errors proximately resulted in the guilty plea and, but for [his] counsel's error, [he] would not have entered the guilty plea." *Id.* at 1193 (¶8) (quoting *Deloach v. State*, 937 So. 2d 1010, 1011 (¶5) (Miss. Ct. App. 2006)). At his plea hearing, Kennedy claimed he had no complaint about his trial counsel's performance. Further, Kennedy pleaded guilty to the charge of statutory rape, not sexual battery, at his plea hearing. This issue is without merit.

¶11. Accordingly, the trial court did not err in denying Kennedy's PCR motion.

¶12. **THE JUDGMENT OF THE CIRCUIT COURT OF CHOCTAW COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CHOCTAW COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, MAXWELL, FAIR, JAMES AND WILSON, JJ., CONCUR.**