# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00820-COA

ROYCE ANTHONY BERRYHILL A/K/A ROYCE BERRYHILL A/K/A ROYCE A. BERRYHILL A/K/A ANDY                                                                 APPELLANT

v.

STATE OF MISSISSIPPI                                                                 APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/20/2015 |
| TRIAL JUDGE: | HON. GERALD W. CHATHAM SR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROYCE ANTHONY BERRYHILL (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF DENIED |
| DISPOSITION: | AFFIRMED - 08/09/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE IRVING, P.J., BARNES AND GREENLEE, JJ.

### BARNES, J., FOR THE COURT:

¶1.     Royce Anthony Berryhill, appearing pro se, appeals the DeSoto County Circuit Court's denial of his motion for post-conviction relief (PCR).  Finding no error, we affirm.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.     In September 2011, Berryhill was indicted on two counts of sexual battery, two counts of fondling, one count of conspiracy to commit fondling, one count of conspiracy to commit child exploitation (sexually explicit photographs), and one count of child exploitation

(selling the photographs for $600).[1] In January 2012, represented by counsel Steven Farese, Berryhill entered a plea of guilty to one count of sexual battery. The trial court sentenced him to eighteen years in the custody of the Mississippi Department of Corrections (MDOC), followed by ten years of post-release supervision, with the first five years being "reporting supervision." Under the plea agreement, the court remanded the remaining six counts to the file.

¶3. On January 14, 2015, Berryhill filed a pro se PCR motion asserting ineffective assistance of counsel, an involuntary guilty plea, and lack of a factual basis for his plea. On April 20, 2015, the trial court denied the motion, finding his arguments without merit. Berryhill timely appealed.

## STANDARD OF REVIEW

¶4. When reviewing the denial of a PCR motion, this Court will not disturb the trial court's findings unless they are clearly erroneous. Matters of law are reviewed de novo. *Lambert v. State*, 941 So. 2d 804, 807 (¶14) (Miss. 2006) (citations omitted).

## ANALYSIS

¶5. On appeal, Berryhill raises two arguments: his plea was involuntary and ineffective assistance of counsel. We shall discuss each one in turn.

### 1. Guilty Plea

---

[1] Berryhill was the boyfriend of the female victim's mother. The mother informed law enforcement that she was aware of the sexual abuse of her daughter, and participated in some of the acts. She was indicted for one count of fondling, one count of conspiracy to commit fondling, one count of conspiracy to commit child exploitation, and one count of child exploitation.

¶6.    Berryhill argues that his plea was involuntary and thus invalid because he was not given an opportunity to read the plea agreement, was not advised of the consequences of signing the agreement, and was not informed of the minimum and maximum sentences for the charge.  Additionally, he claims the trial judge improperly questioned him without advising him that he was waiving his constitutional rights.  Berryhill concludes that the judge, district attorney, and his defense counsel "were all scheming against him."

¶7.    A guilty plea is voluntarily and intelligently made if the trial court "advise[d] the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea."  *Burrough v. State*, 9 So. 3d 368, 373 (¶11) (Miss. 2009) (citation omitted). However, a "plea of guilty is not voluntary if induced by fear, violence, deception or improper inducements."  URCCC 8.04(A)(3).  "Solemn declarations in open court carry a strong presumption of verity."  *Harris v. State*, 806 So. 2d 1127, 1130 (¶9) (Miss. 2002) (citation omitted).  The petitioner has the burden of proving his plea is invalid.  *Hannah v. State*, 943 So. 2d 20, 25 (¶11) (Miss. 2006) (citation omitted).

¶8.    Berryhill's plea petition and plea-hearing transcript show Berryhill was thoroughly informed of the nature and consequences of his guilty plea.  Berryhill signed each page of his plea petition indicating he read and understood it.  The petition outlined the consequences of signing the agreement and the minimum and maximum sentences for the charge.  At the plea hearing, prior to the trial court's accepting his plea, Berryhill was advised of his constitutional rights, and that by signing the guilty plea he was waiving these constitutional rights.  The trial court also thoroughly questioned Berryhill prior to accepting his plea.

3

Berryhill was found competent to enter a guilty plea. The trial court further found Berryhill understood the plea petition and the charges against him, the nature and consequences of his guilty plea, and the minimum and maximum sentences as required by statute. The trial court did not err in finding Berryhill's guilty plea was freely, voluntarily, knowingly, and intelligently given.

### 2. Ineffective Assistance of Counsel

¶9. Berryhill claims that his counsel was ineffective because Berryhill told his counsel during the plea hearing that he was "incompetent at that time," yet the plea hearing continued. Berryhill also complained that his attorney did not adequately communicate with him prior to the plea hearing.

¶10. To prove ineffective assistance of counsel, the defendant must show: (1) counsel's performance was deficient, and (2) this deficiency prejudiced the defense. *Liddell v. State*, 7 So. 3d 217, 219 (¶6) (Miss. 2009) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* (quoting *Strickland*, 466 U.S. at 689). In the context of guilty pleas, the defendant must show "unprofessional errors of substantial gravity" and show "that the deficient conduct proximately resulted in his guilty plea, and but for counsel's errors, he would not have entered the plea." *Cole v. State*, 918 So. 2d 890, 894 (¶10) (Miss. Ct. App. 2006) (citing *Reynolds v. State*, 521 So. 2d 914, 918 (Miss. 1988)). The defendant must allege facts of ineffective assistance with "specificity and detail." *Kinney v. State*, 737 So. 2d 1038, 1041 (¶8) (Miss. Ct. App. 1999) (citing *Cole v.*

4

*State*, 666 So. 2d 767, 777 (Miss. 1995)). Moreover, "the trial court may dismiss a motion for post-conviction relief if the petitioner fails to submit affidavits in support of his allegations" of ineffective assistance; the petitioner's bare assertions are insufficient. *Mayhan v. State*, 26 So. 3d 1072, 1076 (¶10) (Miss. Ct. App. 2009).

¶11.    Berryhill fails to show his counsel was deficient. The record does not support any allegations of incompetency. At the plea hearing, the trial judge asked Berryhill if he was satisfied with counsel's services, and Berryhill responded affirmatively. Moreover, Berryhill's petition to enter a guilty plea, which he signed, stated that he believed his lawyer was competent, his lawyer had done all he could to assist him, and he was fully satisfied with the advice and help given by his lawyer. There is no indication that Berryhill was incompetent during the plea hearing. Finally, Berryhill does not offer any affidavit in support of his allegations. This issue is without merit.

¶12. **THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**