# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-01872-COA

**DOUGLAS BIBBS A/K/A DOUGLAS B. BIBBS**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                        **APPELLEE**

DATE OF JUDGMENT:               11/18/2015
TRIAL JUDGE:                    HON. ANTHONY ALAN MOZINGO
COURT FROM WHICH APPEALED:      PEARL RIVER COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         DOUGLAS BIBBS (PRO SE)
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: ALICIA MARIE AINSWORTH
NATURE OF THE CASE:             CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                    AFFIRMED: 02/13/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., WESTBROOKS AND TINDELL, JJ.

### GRIFFIS, P.J., FOR THE COURT:

¶1. Douglas Bibbs appeals the dismissal of his motion for post-conviction collateral relief (PCCR). We find no error and affirm.

### FACTS AND PROCEDURAL HISTORY

¶2. On June 21, 2013, Bibbs pled guilty to armed robbery and was subsequently sentenced to serve twenty years in the custody of the Mississippi Department of Corrections, with five years suspended and five years of post-release supervision.

¶3. On October 28, 2015, Bibbs filed a PCCR motion, which was summarily dismissed by the trial court. Bibbs now appeals and argues he received ineffective assistance of counsel from his attorney.

## STANDARD OF REVIEW

¶4. We will not disturb a circuit court's dismissal of a PCCR motion unless the factual findings are clearly erroneous. *Kennedy v. State*, 179 So. 3d 82, 83 (¶5) (Miss. Ct. App. 2015). However, questions of law are reviewed de novo. *Id.*

## ANALYSIS

¶5. Bibbs asserts his counsel was ineffective for failing to adequately advise him of a lesser charge of simple robbery, for failing to investigate his mental history, and for failing to bring Bibbs's mental status to the attention of the court. To prove ineffective assistance of counsel, Bibbs must show: (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To overcome this presumption, Bibbs "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

¶6. Bibbs must prove that his attorney's performance was deficient and that the deficiency was prejudicial. *Hill v. State*, 60 So. 3d 824, 826-27 (¶5) (Miss. Ct. App. 2011) (citation omitted). He must "allege facts of ineffective assistance with 'specificity and detail.'" *Berryhill v. State*, 197 So. 3d 938, 941 (¶10) (Miss. Ct. App. 2016) (citation omitted). A petitioner's bare assertions are insufficient. *Id.*

¶7. "Where a defendant voluntarily pleads guilty to an offense, he waives all non-jurisdictional rights incident to trial[.]" *Hill,* 60 So. 3d at 827 (¶6). "This 'waiver includes

2

all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.'" *Id.* (citation omitted). Bibbs voluntarily signed and accepted the terms of a guilty-plea deal. Bibbs now claims that, had he been properly informed of the lesser charge of simple battery, "maybe" the actual plea deal or its negotiation would have gone differently.

¶8. The plea deal, which was read and signed by Bibbs and his attorney, advised that if he pled guilty, he could be sentenced to a minimum of three years and a maximum of "almost life." The deal further advised that "the sentence is up to the [c]ourt; that the [c]ourt is not required to carry out any understanding made by [Bibbs] and his attorney with the [d]istrict [a]ttorney; and further, that the [c]ourt is not required to follow the recommendation of the [d]istrict [a]ttorney, if any."

¶9. During the plea hearing, the following exchange occurred:

> [COURT]: Are you under the influence of any alcohol or drugs this morning?
>
> [BIBBS]: No, sir.
>
> [COURT]: Have you had any physical or emotional problem that would prevent you from participating in this hearing or understanding what we're doing?
>
> [BIBBS]: No, sir.
>
> [COURT]: It's your decision to enter into this petition based on your own free will?
>
> [BIBBS]: Yes, sir.
>
> . . . .

3

[COURT]:     Can you read and write?

[BIBBS]:     Yes, sir.

[COURT]:     Can you acknowledge that - - do you acknowledge that you've read this petition and went over it with [your attorney]?

[BIBBS]:     Yes, sir.

[COURT]:     Do you have any questions about it?

[BIBBS]:     No, sir.

. . . .

[COURT]:     Do you have a lot of confidence in [your attorney]?

[BIBBS]:     Yes, sir.

[COURT]:     Do you believe he knows what he is doing?

[BIBBS]:     Yes, sir.

[COURT]:     Have you told him everything he needs to know to represent you?

[BIBBS]:     Yes, sir.

. . . .

[COURT]:     Do you understand, Mr. Bibbs, that if you plead guilty that this court may sentence you to the minimum of three years but to the maximum of most of your natural life?

[BIBBS]:     Yes, sir.

[COURT]:     Has anybody put any pressure on you now to come up and change your plea and admit you're guilty?

[BIBBS]:     No, sir.

[COURT]:     Anybody promised you anything like a certain amount of years

4

sentence?

[BIBBS]:     No, sir.

[COURT]:     You understand that I may sentence you anywhere in that range?

[BIBBS]:     Yes, sir.

[COURT]:     Do you have any questions?

[BIBBS]:     No, sir.

¶10.    The record shows that the voluntariness of the plea is not in dispute. Bibbs was advised and understood the nature of the charge against him, and what his options and consequences were as far as signing the petition or going to trial. A voluntary guilty plea waives a claim of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea. *Hill,* 60 So. 3d at 827 (¶6). Bibbs does not adequately raise any issue regarding the voluntariness of his guilty plea. Accordingly, there is no merit to this issue.

¶11.    In direct contradiction to Bibbs's current claims, Bibbs's signed plea deal states that his lawyer "counseled and advised [him] on the nature of each charge [and] on any and all lesser-included charges[.]" He later confirmed this statement to the trial judge. Further, Bibbs does not explain how the inclusion of a simple battery charge is relevant to the present case, nor does he offer any specific facts or evidence as to how he may be eligible for the lesser charge of simple battery. Therefore, Bibbs failed to illustrate that the lesser charge not being included was prejudicial in any way.

¶12.    Additionally, Bibbs claims his counsel was ineffective by not investigating his mental

5

history, and for failing to bring Bibbs's mental status to the attention of the court. However, the record indicates no sign of incompetency, nor does Bibbs offer any additional evidence or affidavits to support his claim. "'[T]he trial court may dismiss a motion for post-conviction relief if the petitioner fails to submit affidavits in support of his allegations' of ineffective assistance; the petitioner's bare assertions are insufficient." *Berryhill*, 197 So. 3d at 941 (¶10) (quoting *Mayhan v. State*, 26 So. 3d 1072, 1076 (¶10) (Miss. Ct. App. 2009)). His statements from his plea hearing concerning his physical and emotional fitness, as well as his acknowledgments to the judge of the choice he was making, are in direct contrast with his present claim of mental instability. Bibbs's broad assertions of ineffective assistance of counsel are insufficient to support his claims.

CONCLUSION

¶13. Bibbs has failed to show that his counsel's performance was deficient, and that the alleged deficiency prejudiced his defense. Bibbs has failed to show that, but for counsel's errors, the result of the proceeding would have been different. Accordingly, Bibbs's claim of ineffective assistance of counsel fails. We affirm the circuit court's dismissal of Bibbs's PCCR motion.

¶14. **AFFIRMED.**

**LEE, C.J., IRVING, P.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**