# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00815-COA

**JULIUS SCOTT TURNER A/K/A JULIUS S. TURNER A/K/A JULIUS TURNER**

APPELLANT

**v.**

**STATE OF MISSISSIPPI**

APPELLEE

DATE OF JUDGMENT:                   11/28/2016
TRIAL JUDGE:                        HON. LAWRENCE PAUL BOURGEOIS JR.
COURT FROM WHICH APPEALED:          HARRISON COUNTY CIRCUIT COURT,
                                    FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:             JULIUS SCOTT TURNER (PRO SE)
ATTORNEY FOR APPELLEE:              ALICIA MARIE AINSWORTH
NATURE OF THE CASE:                 CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                        AFFIRMED: 05/08/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., BARNES AND GREENLEE, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.    Julius Scott Turner appeals the denial of his motion for post-conviction collateral relief (PCCR). We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.    On February 11, 2014, Turner entered a guilty plea to Count I, possession of a controlled substance with intent, and Count II, unlawful possession of a firearm or weapon by a convicted felon. He was subsequently sentenced as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2014) to twelve years for Count I and ten years for Count II, to run concurrently, for a total of twelve years to serve in the custody

of the Mississippi Department of Corrections.

¶3.    On February 13, 2015, Turner filed a motion for PCCR, which the trial court denied. Turner now appeals and argues: (1) his guilty plea was involuntarily entered, (2) he received ineffective assistance of counsel, (3) his sentence as a habitual offender is illegal, and (4) his constitutional rights were violated.

## STANDARD OF REVIEW

¶4.    We will not disturb a circuit court's denial of a motion for PCCR unless the factual findings are clearly erroneous. *Kennedy v. State*, 179 So. 3d 82, 83 (¶5) (Miss. Ct. App. 2015). However, questions of law are reviewed de novo. *Id.*

## ANALYSIS

### I.    *Voluntariness of Guilty Plea*

¶5.    Turner first argues his guilty plea was involuntarily entered. Turner claims he pled guilty due to constant pressure from his attorney and family. "When a PC[C]R movant tries to get out of an already entered guilty plea, it is the movant, not the State, who bears the burden of proving by a preponderance of evidence that the guilty plea was involuntary." *Watkins v. State*, 170 So. 3d 582, 585 (¶11) (Miss. Ct. App. 2014).

¶6.    "A guilty plea is not binding upon a criminal defendant unless it is entered voluntarily and intelligently." *Holland v. State*, 956 So. 2d 322, 327 (¶11) (Miss. Ct. App. 2007). "A plea is deemed 'voluntary and intelligent' only where the defendant is advised concerning the nature of the charge against him and the consequences of the plea." *Id.* "[T]he defendant must be advised that his guilty plea waives multiple constitutional rights." *Hill v. State*, 60

2

So. 3d 824, 828 (¶11) (Miss. Ct. App. 2011). However, "[a] lawyer's 'persuading' a defendant to plead guilty by 'every means at his disposal' does not render the plea involuntary if that persuasion does not result from fear, violence, deception, or improper inducements." *Brasington v. State*, 760 So. 2d 18, 26 (¶38) (Miss. Ct. App. 1999).

¶7. "[T]he most significant indicator of the voluntariness of a defendant's guilty plea is the thoroughness with which the defendant was interrogated by the lower court." *Watkins*, 170 So. 3d at 585-86 (¶12) (internal quotation marks omitted). "The Court can place great weight on the sworn testimony of a defendant given at a plea hearing leaving the defendant with a high hurdle in recanting that testimony." *Pevey v. State*, 914 So. 2d 1287, 1290 (¶8) (Miss. Ct. App. 2005).

¶8. During Turner's plea hearing, the following exchange occurred:

THE COURT: Before you should be a petition to enter a plea of guilty. Is there one?

[TURNER]: Yes, sir.

THE COURT: Have you read that petition?

[TURNER]: Yes, sir.

THE COURT: Do you understand it?

[TURNER]: Yes, sir.

THE COURT: Have you discussed it with your lawyer?

[TURNER]: Yes, sir.

THE COURT: Has your lawyer answered any and all questions you had or have relative to that petition to plead guilty?

3

[TURNER]:        Yes, sir.

THE COURT:       Is everything contained in that petition to plead guilty true and correct?

[TURNER]:        Yes, sir.

THE COURT:       Are you telling me you wish to plead guilty here this morning because you are in fact guilty?

[TURNER]:        Yes, sir.

. . . .

THE COURT:       So you must be aware of the fact that when one pleads guilty, you waive and give up certain constitutional rights, because those constitutional rights are contained in paragraph five of your petition to plead guilty; is that right, sir?

[TURNER]:        Yes, sir.

. . . .

THE COURT:       Do you understand by pleading guilty, you're waiving and forever giving up each and every one of the rights we just went over?

[TURNER]:        Yes, sir.

THE COURT:       And is that what you wish to do?

[TURNER]:        Yes, sir.

THE COURT:       Did anyone use any force, threats, coercion, intimidation or place you in any type of duress to induce you into pleading guilty here today?

[TURNER]:        No, sir.

THE COURT:       Did anyone exercise any undue influence, guarantee you a particular sentence, or make any type of promise to you

4

|  |  |
|---|---|
|  | whatsoever to induce you into pleading guilty here today? |
| [TURNER]: | No, sir. |
| . . . . |  |
| THE COURT: | So that your exposure in this case is one to 40 years in the penitentiary and/or a fine of $5,000 up to $1,005,000. Do you understand that, sir? |
| [TURNER]: | Yes, sir. |
| THE COURT: | And do you understand that as long as this Court stays within those boundaries or parameters, it is within its discretion? |
| [TURNER]: | Yes, sir. |
| THE COURT: | And do you further understand, Mr. Turner, that this Court could sentence you to the maximum penalty, which would be 40 years in the penitentiary and impose a $1,005,000 fine? |
| [TURNER]: | Yes, sir. |
| THE COURT: | And you still wish to plead guilty? |
| [TURNER]: | Yes, sir. |

¶9.    The record shows Turner was advised of the nature of the charges against him and the consequences of a guilty plea.  Turner was further advised that by pleading guilty, he was waiving certain constitutional rights.  Importantly, Turner stated his guilty plea was not the result of any force, threats, coercion, or intimidation.  Instead, Turner stated he was pleading guilty because he committed both crimes.

¶10.    We find Turner's guilty plea was voluntarily entered.  Accordingly, this claim is

without merit.

   *II.*  *Ineffective Assistance of Counsel*

¶11. Turner next argues he received ineffective assistance of counsel. Specifically, Turner claims his counsel failed to conduct an independent investigation into his case, was "hostile to the facts of affirmative defenses," and failed to make certain objections during his pretrial hearings.

¶12. "[W]here a defendant voluntarily pleads guilty to an offense, he waives all non-jurisdictional rights incident to trial. . . ." *Hill*, 60 So. 3d at 827 (¶6). "This waiver includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Id.* (internal quotation marks omitted).

¶13. As previously discussed, Turner voluntarily pled guilty to both offenses. Therefore, he waived his right to now claim ineffective assistance of counsel.

¶14. Despite the waiver, we find Turner's ineffective-assistance-of-counsel claim fails. To prove ineffective assistance of counsel, Turner must show: (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To overcome this presumption, Turner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

¶15. "The defendant must allege facts of ineffective assistance with specificity and detail." *Berryhill v. State*, 197 So. 3d 938, 941 (¶10) (Miss. Ct. App. 2016) (internal quotation marks omitted). A "petitioner's bare assertions are insufficient." *Id*.

¶16. Turner claims his counsel failed to adequately investigate his case and was "hostile to the facts of affirmative defenses." However, the plea-hearing transcript shows Turner advised the trial court, under oath, that he was satisfied with the services of his counsel, that his counsel had taken the time to familiarize himself with the facts and circumstances of his case, and had explained the elements of the charged crimes as well as any possible defenses he might have to those charges. Additionally, the signed plea petition indicates Turner was "satisfied with the advice and help [his] lawyer ha[d] given."

¶17. Turner fails to offer any evidence of his ineffective-assistance-of-counsel claim beyond the unsupported assertions in his brief that a police officer lied and fabricated evidence in order to convict him. However, such bare assertions are insufficient. *Id.*

¶18. Turner further claims his counsel failed to make certain objections. However, "counsel's choice of whether or not to file certain motions . . . or make certain objections fall[s] within the ambit of trial strategy and cannot give rise to an ineffective assistance of counsel claim." *Jackson v. State*, 815 So. 2d 1196, 1200 (¶8) (Miss. 2002) (internal quotation mark omitted).

¶19. Overall, Turner has failed to show that his counsel's performance was deficient and that the alleged deficient performance prejudiced his defense. Accordingly, his ineffective-assistance-of-counsel claim fails.

*III.    Illegal Sentence*

¶20.    Turner next argues his sentence under Mississippi Code Annotated section 99-19-81 is illegal. He claims the trial court erroneously introduced certified copies of his prior felony convictions without any accompanying testimony from the certifying official. Turner contends that his inability to confront the party responsible for certifying the copies deprived him of his sixth amendment right to confrontation.

¶21.    The Mississippi Supreme Court has set out the parameters of the right to confrontation:

> The Sixth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution guarantee a criminal defendant the right to confront and cross-examine the witnesses against him. The United States Supreme Court has held that the Sixth Amendment Confrontation Clause bars the admission of "testimonial statements" made by a witness who does not appear at trial, unless the witness is unavailable and the defendant had a prior opportunity to cross-examine him. Though no exhaustive list defining testimonial statements exists, "a document created solely for an 'evidentiary purpose' ranks as testimonial."

*Small v. State*, 141 So. 3d 61, 68 (¶23) (Miss. Ct. App. 2014) (quoting *Grim v. State*, 102 So. 3d 1073, 1078 (¶12) (Miss. 2012)).

¶22.    "We have held that self-authenticating records of a defendant's prior convictions are not testimonial evidence, and do not trigger a defendant's constitutional right to confront witnesses." *Id*. at 69 (¶24). Indeed, the certification of the documents "indicates that the custodian of the records swore that the documents were true and correct copies, not that [Turner] actually committed any act." *Frazier v. State*, 907 So. 2d 985, 997 (¶42) (Miss. Ct. App. 2005). Accordingly, we find this issue is meritless.

*IV. Constitutional Violations*

¶23. Turner last argues his constitutional rights were violated. He claims he was denied the right to confront the confidential informant in this case. He also claims that the evidence obtained by the police and used to convict him was falsified and manufactured. Turner asserts that these violations, coupled with his ineffective counsel, left him with no choice but to plead guilty. We disagree.

¶24. "If a defendant pleads guilty to committing the charged offense, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Rustin v. State*, 138 So. 3d 270, 273 (¶8) (Miss. Ct. App. 2014) (internal quotation mark omitted). By pleading guilty to the charged offenses, Turner's claim is procedurally barred. *Id.*

¶25. Notwithstanding the procedural bar, we find Turner's constitutional claims fail. Not only are these claims made without any supporting evidence, they are all contradictory to Turner's testimony in the record. Accordingly, we find this issue is without merit.

CONCLUSION

¶26. We find no merit to the issues raised on appeal. Thus, we affirm the judgment of the Harrison County Circuit Court.

¶27. **AFFIRMED.**

**LEE, C.J., IRVING, P.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**

9