McMILLIN, C.J.,
for the Court:
¶ 1. Derrick Stapleton was convicted by a Hinds County Circuit Court jury of drive-by shooting. He has appealed that conviction, asserting five issues that he contends warrant reversing his conviction. The alleged errors deal with (a) a claim that Stapleton was forced to appear before the venire members in jail garb, (b) the assertion that the record is incomplete because the court reporter failed to transcribe the entire trial, (c) a claim that the trial court improperly hindered defense counsel when dealing with objections to testimony, (d) a claim of ineffective assistance of counsel, and (e) an assertion that his sentence was excessive. We find no error in the first four issues, but conclude that Stapleton’s grievance concerning the length of his sentence merits further consideration by the trial court, and we reverse and remand for the limited purpose of reconsideration of the sentence.
¶ 2. A detailed recitation of the facts that led to Stapleton’s indictment, trial and conviction are unnecessary since the issues before us relate primarily to the manner in which the trial was conducted. It is sufficient to say that the State presented evidence indicating that Stapleton was a participant in a drive-by shooting incident in which a Jackson police officer was hit and seriously injured.
I.
Appearance Before the Venire in Jail Garb
¶ 3. Stapleton alleges in his brief that he was forced to appear before prospective jurors in jail attire because the trial court would not permit a brief delay to allow his mother, who was bringing clothes for him to wear during trial, to arrive at court. He claims that this improperly prejudiced him in the eyes of prospective jurors, thereby effectively ending any possibility that he could obtain a fair trial. In support of his argument, Stapleton cites the case of Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976).
¶ 4. The evident problem with Staple-ton’s argument is that the record does not show that such an event occurred, nor-— assuming that the event did occur — that his counsel timely raised the matter with the trial court through a motion to quash the venire. Stapleton attempts to remedy this deficiency in the record by including in his brief two affidavits of attorneys stating that, of their own personal knowledge, *899 Stapleton was forced to make such an appearance before prospective jurors.
¶ 5. Even were we to accept the doubtful proposition that these affidavits were a suitable way to cure such a deficiency in the trial record, neither affidavit suggests that the matter was contemporaneously called to the attention of the trial court. Reversible error on appeal, in the ordinary circumstance, arises out of an erroneous ruling by the trial court in the conduct of the trial after some alleged impropriety has occurred. It is a fundamental concept of appellate procedure that matters such as this must first be called to the attention of the trial court and that court be given the opportunity to deal with whatever impropriety might have occurred before reversal on appeal may be sought. Florence v. State, 755 So.2d 1065 (¶ 19) (Miss.2000). Only if the defendant is aggrieved by the manner in which the trial court deals with the problem may the matter be raised on appeal. Thus, an appellate court will not normally consider an alleged defect in the conduct of the trial that is raised for the first time at the appellate level. Id.
¶ 6. Even if this Court were to accept as true the contents of the affidavits attached to Stapleton’s brief, there remains no indication that Stapleton’s dissatisfaction with appearing before potential jurors while dressed in jail garb was timely presented to the trial court for resolution. We, therefore, decline to consider the matter for the first time on appeal.
II.
Lack of Complete Transcript
¶ 7. Stapleton points out that several bench conferences conducted during the course of the trial were not transcribed and neither were closing arguments. He observes that his designation of the record included those aspects of the trial and he now alleges that this incomplete record is a basis to reverse his conviction.
¶ 8. The State correctly counters Staple-ton’s assertions by observing defense counsel’s obligation to examine the record and point out any deficiencies before the record is sent up to the appellate court. M.R.A.P. 10(b)(5). As the State suggests, it may well be that the court reporter had stenographic notes or other means of transcribing these portions of the trial and could have readily done so had the omissions been properly pointed out. Even were it established that no such stenographic or other means of producing a transcript of these portions of the trial was possible, Stapleton still had the opportunity, had he so desired and felt it essential to proper consideration of his appeal, to prepare a statement of those proceedings for inclusion in the record under authority of Mississippi Rule of Appellate Procedure 10(c). M.R.A.P. 10(c). There is no indication that Stapleton took advantage of this provision or offered any logical explanation as to why such an effort was not undertaken.
¶ 9. Beyond those considerations, an incomplete trial record, of itself, does not constitute reversible error. Rather, the defendant complaining of an incomplete record must demonstrate some prejudice arising out of the omission of some part of the record. Even the case relied upon by Stapleton and quoted for its remonstrance to court reporters to “preserve every word spoken during the course of the trial,” did not result in a reversal of the conviction. Gibson v. State, 580 So.2d 739, 742 (Miss.1991). To the contrary, that same case, immediately prior to the quoted admonition, stated that “[flor aught that appears, nothing occurred at this bench conference that raised any problem.” Id. The exact same consideration *900 applies to the deficiencies in the transcript now complained of by Stapleton. In the absence of some specific assertion of what transpired in the episodes of the trial not made a part of the record, the mere declaration that the record is incomplete does not afford Stapleton any relief.
III.
Trial Court’s Hampering of Defense Counsel
¶ 10. During defense counsel’s cross-examination of one State’s witness, counsel began an inquiry about possible earlier reports of shootings in the neighborhood involving the witness’s two sons. The State objected on the ground of relevancy and the trial court sustained the objection. Defense counsel then attempted to explain to the trial court the basis on which he believed the evidence to be relevant, but the trial court summarily cut the explanation off, pointing out that the court had already ruled on the objection. The court further told defense counsel, “You don’t speak to objections in my courtroom.” Stapleton now raises this as error on appeal, apparently on the basis that the trial court’s statement cut off any opportunity for Stapleton to make an offer of proof in order to preserve the court’s ruling as error on appeal.
¶ 11. Mississippi Rulé of Evidence 103(2) states that, if the court rules certain proposed evidence inadmissible, in order to assert that ruling as error on appeal, “the substance of the evidence” must be “made known to the court by offer” unless its relevancy is apparent from the context of the question. M.R.E. 103(2).
¶ 12. After reviewing the record, our view of the matter is that Stapleton’s counsel was not attempting to make a Rule 103(2) offer of proof as to the evidence excluded by the court’s ruling. Rather, it appears that counsel was attempting to open up a legal argument on the merits of the trial court’s ruling after the fact. There is no provision in the rules of procedure or evidence that would permit a party dissatisfied with a trial court’s ruling on admissibility of evidence to engage in further discourse to persuade the court that its ruling was, upon further consideration, erroneous.
¶ 13. There is nothing in the record indicating that counsel for Stapleton, after the State’s objection was sustained, affirmatively sought to state into the record the evidence he intended to produce in cross-examining the witness about a possible prior shooting incident but was prevented from doing so by the trial court. Neither can we say, after mature reflection, that the relevancy of any such inquiry is readily apparent from the context of the question. For that reason, we conclude that the trial court did not commit reversible error when it did nothing more than refuse to permit defense counsel to argue the merits of an evidentiary ruling after the ruling had already been made.
IV.
Ineffective Assistance of Counsel
¶ 14. Stapleton contends that his attorney at trial was so inept in his representation that Stapleton was effectively deprived of his constitutional right to be represented by counsel. In support of that argument, Stapleton points to several factors.
¶ 15. First, he urges that trial counsel should have pressed forward with his explanation to the court as to why the court had erred in sustaining the State’s objections to counsel’s cross-examination of one witness. This is essentially the same issue discussed in Section III above, only cast in a slightly different light. Stapleton, in *901 making this argument, appears to have confused the real question. He cites cases regarding the necessity for an attorney offering an objection to evidence to state the ground for the objection. Stringer v. State, 279 So.2d 156, 158 (Miss.1973). In this case, however, the State, and not defense counsel, was the party interposing the objection that was sustained by the trial court. Stapleton seeks to impose a new obligation on counsel, once an opposing party’s objection has been sustained, to attempt to contemporaneously enlighten the trial court as to the error of its ruling by stating the basis on which counsel contends the evidence should be admitted. There is no such requirement. In fact, as the trial court properly pointed out to defense counsel, once the trial court has ruled on an objection-correctly or incorrectly-it is improper to continue to dispute with the court as to the legal merit of the ruling.
¶ 16. Secondly, Stapleton revives the issue of his appearance before the trial court in prison attire. He argues that, if the absence pf proof of this fact is fatal on an issue that would have required reversal had it been properly documented, then the failure of. his attorney to make a record on the matter demonstrates counsel’s ineffectiveness.
¶ 17. Any consideration as to whether or not Stapleton was forced to appear before potential jurors in prison attire necessarily involves an evidentiary proceeding since that fact does not appear on the face of the record. When the claim of ineffective assistance of counsel involves the determination of facts that do not appear in the record, those matters may not be inquired into on appeal. Rather, they must be pursued under the provisions of this State’s post-conviction relief statutes. Read v. State, 430 So.2d 832, 841 (Miss.1983). Therefore, as to this claim, we conclude that it is not properly before us; however, our denial of relief on this ground is without prejudice to bringing the matter in a properly instituted post-conviction relief proceeding. Id.
¶ 18. Thirdly, Stapleton alleges that his counsel was inept in his attempts to impeach prosecution witness James Tyrone Gray. Gray had been in the car with Stapleton at the time the shots were fired and testified to that effect at trial. Defense counsel, in an apparent attempt to impeach Gray, began an inquiry into whether Gray had ever been involved in a prior shooting incident similar to the one in question. Gray denied any such activity and defense counsel sought to prove the incident by introducing a juvenile offense report showing Gray’s detention as a juvenile for such an offense some four years earlier. The trial court refused to admit the document, concluding that it was not the proper way to prove the fact of the prior incident once it was disputed by Gray.
¶ 19. Now, on appeal Stapleton alleges that his trial counsel’s inability to get the fact of Gray’s prior juvenile offense record before the jury was ineffective assistance of counsel. There is a problem in considering this issue since the document, referred to by defense counsel as “a juvenile arrest and referral report” was not made a part of the record for identification purposes. The State points out that, aside from authenticity problems raised by the trial court, the document apparently did not establish that Gray had an adjudication of delinquency arising out of the previous incident, but was, rather, merely an indication that he had been detained as a suspect in the incident. In order to be considered for impeachment under Mississippi Rule of Evidence 609, the prior incident must have given rise to an adjudication of delinquency. M.R.E. 609(d). Because facts neces *902 sary to determine the merits of this aspect of Stapleton’s ineffective assistance of counsel claim do not appear in the record, it is inappropriate to consider it on direct appeal. Rather, we decline relief without prejudice to the matter being presented in a subsequent post-conviction relief proceeding. Id.
V.
Excessive Sentence
¶ 20. Stapleton was sentenced to the maximum thirty years imprisonment permitted by the statute for conviction of drive-by shooting. He claims that the sentence, even though within the limits allowed by statute, was unduly harsh and, thus, so disproportionate to the offense as to violate his Eighth Amendment protection against cruel and unusual punishment.
¶ 21. In this case, the trial court denied Stapleton’s request for a presentencing report prior to sentencing and, instead, summarily sentenced Stapleton to the maximum permitted by statute. Stapleton was seventeen years old at the time of the shooting. Because of the lack of a presen-tencing report, we are unaware if there might be matters in the defendant’s background that suggested the imposition of the maximum sentence. Stapleton moved promptly for reconsideration of the sentence; however, his motion was denied summarily, apparently without hearing.
¶ 22. In Davis v. State, the Mississippi Supreme Court established a precedent for remanding cases for reconsideration of the sentence in noncapital cases even though the sentence was within the statutory limits in the instance when the maximum penalty was imposed without benefit of a presentence report and when there was a “lack of justification for the sentence on the face of the record.... ” Davis v. State, 724 So.2d 342 (¶ 15) (Miss. 1998).
¶ 23. This Court concludes that, based on the age of the defendant and the lack of a presentence report, the unexplained imposition of the maximum sentence permitted by law raises concerns similar to those set out in Davis and we remand for reconsideration of the sentence after such further inquiry as the trial court finds appropriate under the dictates of the Davis decision.
VI.
Cross-appeal by the State
¶ 24. The State had originally filed a notice of cross-appeal in this case. However, in its brief, the State indicated its intention to withdraw the cross-appeal and did not, therefore, brief the issue. We consider the cross-appeal to be dismissed on motion of the cross-appellant.
¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION FOR DRIVE BY SHOOTING AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED AS TO THE ISSUE OF GUILT. THE MATTER IS REMANDED FOR THE LIMITED PURPOSE OF RECONSIDERATION OF THE SENTENCE AFTER AN APPROPRIATE PRESEN-TENCE INQUIRY. COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
KING AND SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.