GRIFFIS, J.,
 

 for the Court.
 

 ¶ 1. Albert Garcia appeals the circuit court’s dismissal of his motion for post-conviction collateral relief. On appeal, Garcia claims that: (1) he did not waive his right to appeal an evidentiary ruling when he pleaded guilty, and (2) he received ineffective assistance of counsel. We find no error and affirm.
 

 FACTS
 

 ¶ 2. Garcia was indicted for possessing methamphetamine with the intent to distribute as a habitual offender; he had two prior convictions for possession of methamphetamine in Texas. Garcia was granted a hearing on his motion to suppress evidence, but the circuit court denied his motion to suppress. He pleaded guilty on June 19, 2006, and he was sentenced to eight years in the custody of the Mississippi Department of Corrections and to twenty-two years of post-release supervision (five years reporting and seventeen years non-reporting).
 

 ¶ 3. Garcia filed a motion for post-conviction collateral relief. The circuit court dismissed Garcia’s motion for post-conviction collateral relief because: (1) he waived his claim alleging an illegal search and seizure by pleading guilty, and (2) he offered only his bare assertions in support of his ineffective assistance of counsel claim. It is from this order that Garcia appeals.
 

 STANDARD OF REVIEW
 

 ¶ 4. A circuit court’s dismissal of a motion for post-conviction collateral relief will not be reversed absent a finding that the circuit court’s decision was clearly erroneous.
 
 Williams v. State,
 
 872 So.2d 711, 712(¶ 2) (Miss.Ct.App.2004). However, when reviewing issues of law, this Court’s proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598(¶ 6) (Miss.1999).
 

 ANALYSIS
 

 1. Did Garcia ivaive his right to appeal an evidentiary ruling when he pleaded guilty?
 

 ¶ 5. Garcia argues the search of his home was illegal, and the evidence seized should be suppressed. The State contends that this issue was waived because a valid guilty plea waives all non-jurisdictional issues.
 

 ¶ 6. A valid guilty plea constitutes a waiver of certain constitutional claims, including illegal search and seizure.
 
 *751
 

 King v. State,
 
 738 So.2d 240, 241 (¶¶4-5) (Miss.1999) (citing
 
 Jefferson v. State,
 
 556 So.2d 1016, 1018-19 (Miss.1989)). A plea is considered “voluntary and intelligent” if the defendant is “advised regarding the nature of the charge and the consequences of the plea.”
 
 Harris v. State,
 
 806 So.2d 1127, 1130(¶ 9) (Miss.2002) (citing
 
 Alexander v. State,
 
 605 So.2d 1170, 1172 (Miss.1992)).
 

 ¶ 7. The record reflects that the circuit court advised Garcia of the nature of the charges against him and the constitutional consequences of his plea. Although Garcia now claims he has no formal education, is illiterate, and does not understand English, he previously swore that he was sixty-seven years old, had completed twelve years of school, and was literate. He did not have a problem understanding the English speaking attorneys or circuit judge during his evidentiary hearing. The record indicates that Garcia’s plea was voluntary and intelligent.
 

 ¶ 8. Garcia’s valid guilty plea waived his right to challenge the circuit court’s denial of his motion to suppress evidence. Therefore, we need not address it.
 

 2. Did Garcia receive ineffective assistance of counsel?
 

 ¶ 9. Garcia claims his counsel was ineffective because he failed to call his son, Glenn Garcia, or Southaven Police Sergeant Kyle Hodges to testify at his suppression hearing.
 

 ¶ 10. To prove ineffective assistance of counsel, a defendant must show that: (1) his counsel’s performance was deficient, and (2) this deficiency prejudiced his defense.
 
 Strickland, v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with the defendant to demonstrate both prongs.
 
 McQuarter v. State,
 
 574 So.2d 685, 687 (Miss.1990). Under
 
 Strickland,
 
 there is a strong but rebuttable presumption that counsel’s performance falls within the range of reasonable professional assistance.
 
 Strickland,
 
 466 U.S. at 689, 104 S.Ct. 2052. To overcome this presumption, “[t]he defendant must show that there is a reasonable probability that, but for the counsel’s unprofessional errors, the result of the proceeding would have been different.”
 
 Id.
 
 at 694, 104 S.Ct. 2052. In cases involving post-conviction collateral relief, “where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.”
 
 Vielee v. State,
 
 653 So.2d 920, 922 (Miss.1995).
 

 ¶ 11. Garcia claims he received ineffective assistance of counsel because Glenn and Sergeant Hodges were not called as witnesses to rebut the testimony of Lieutenant Steve Stewart. Lieutenant Stewart testified that he knocked on Garcia’s door, and Glenn answered the door. After Lieutenant Stewart explained that they wanted to come inside and talk, Glenn said he did not have anything to do with this, but the officers could come inside.
 

 ¶ 12. According to Garcia, Glenn would have testified that he did not give the officers permission to enter the house. Garcia claims Sergeant Hodges would have shown that Lieutenant Stewart was not truthful.
 

 ¶ 13. Garcia presented no affidavits with his petition. Because he merely relies on the assertions in his brief, Garcia does not meet the requirements of
 
 Vielee.
 
 Garcia also fails to meet the requirements of
 
 Strickland.
 
 This issue has no merit.
 

 ¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS
 
 *752
 
 OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.