# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-01544-COA

**KEIF LAMONT JONES A/K/A KEIF JONES**
**A/K/A KEIF L. JONES**
APPELLANT

**v.**

**STATE OF MISSISSIPPI**
APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 09/28/2015 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER JR. |
| COURT FROM WHICH APPEALED: | WINSTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | KEIF LAMONT JONES (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/25/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., JAMES AND GREENLEE, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1. In this appeal, we must decide whether the Circuit Court of Winston County erred in dismissing Keif Jones's motion for postconviction relief (PCR) and whether Jones was denied the right to a meaningful appeal. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. In March 2011, Jones was indicted for unlawful possession of a firearm by a convicted felon under Mississippi Code Annotated section 97-37-5(1) (Rev. 2014). The indictment also provided that Jones was a habitual offender under Mississippi Code

Annotated section 99-19-81 (Rev. 2015) and/or Mississippi Code Annotated section 99-19-83 (Rev. 2015).[1]

¶3. On August 16, 2011, Jones filed a petition to plead guilty as a habitual offender under section 99-19-81. After a hearing, on August 24, 2011, the circuit court accepted Jones's plea and sentenced him to ten years in the custody of the Mississippi Department of Corrections without the possibility of parole.[2]

¶4. On September 24, 2015, Jones filed a PCR motion claiming: (1) his indictment was defective for failing to charge an essential element of the crime, (2) the circuit court committed plain error when it accepted his plea, and (3) he was denied effective assistance of counsel. The circuit court dismissed Jones's PCR motion as time-barred. Nevertheless, the circuit court found Jones's claims to be without merit.

¶5. Subsequently, Jones filed a notice of appeal and submitted a notice of incomplete record with this Court. Jones claimed that the record was lacking statements from witnesses, police reports and affidavits, crime-lab reports, and a photograph of the firearm. Prior to filing notice with this Court, Jones submitted to the circuit court a written statement of proposed corrections to the record and a certificate that Jones had examined the record. The circuit-court clerk responded that the documents Jones was seeking "would be considered [d]iscovery and [were] not part of the court record."

## STANDARD OF REVIEW

---

[1] Jones was previously convicted of aggravated assault and sale of cocaine.

[2] The judgment was stamped as filed on August 25, 2011.

¶6. When reviewing a dismissal of a PCR motion, this Court will not disturb a circuit court's factual findings unless such findings were clearly erroneous. *Cummings v. State,* 130 So. 3d 129, 131 (¶5) (Miss. Ct. App. 2013). However, this Court reviews questions of law de novo. *Id.*

## DISCUSSION

### I. Issues Raised in PCR Motion

¶7. Jones pleaded guilty, so pursuant to Mississippi Code Annotated section 99-39-5(2) (Rev. 2015), he had three years from the entry of the judgment of conviction to file a PCR motion. Jones waited four years to file his motion. Therefore, we must determine whether an exception to the time-bar applies. *See Cummings,* 130 So. 3d at 131-32 (¶6).

¶8. Jones does not claim that he meets a statutory exception to the time-bar; however, the Mississippi Supreme Court has held that "errors affecting fundamental constitutional rights are excepted from the procedural bars." *Smith v. State*, 118 So. 3d 180, 183 (¶11) (Miss. Ct. App. 2013). "But the mere suggestion of a constitutional-right violation is not itself sufficient to surmount the time-bar." *Id*. "There must at least appear to be some basis for the truth of the claim before the limitation period will be waived." *Id.* (quoting *Ross v. State*, 87 So. 3d 1080, 1082 (¶8) (Miss. Ct. App. 2012)).

#### A. Indictment

¶9. Jones claims his indictment was defective because it failed to charge an essential element of the crime—the type of firearm he possessed.

¶10. Jones cites to *Thomas v. State*, 126 So. 3d 877 (Miss. 2013), for support. Thomas was

charged as a felon in possession of "a knife" under section 97-37-5, but the indictment did not specify the type of knife Thomas possessed. *Thomas*, 126 So. 3d at 879 (¶5). Our supreme court stated that "the mere possession of 'a knife' is not a crime under . . . [s]ection 97-37-5; only possession of those knives enumerated in the statute is a crime." *Thomas*, 126 So. 3d at 879 (¶5).

¶11. Section 97-37-5(1) provides in relevant part: "It shall be unlawful for any person who has been convicted of a felony under the laws of this state, any other state, or of the United States to possess *any firearm* . . . ." (Emphasis added).

¶12. The language in section 97-37-5(1) is clear. Possession of *any firearm* is prohibited. Furthermore, this Court has stated that "the listing in the indictment of the type of firearm possessed . . . is not an element of the crime . . . ." *Estes v. State*, 782 So. 2d 1244, 1254 (¶26) (Miss. Ct. App. 2000). This issue is without merit.

### B. Plain Error

¶13. Jones claims that because his indictment was defective, the circuit court committed plain error when it accepted his plea.

¶14. For the plain-error doctrine to apply, there must have been an error that resulted in a manifest miscarriage of justice or seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Nunnery v. State*, 126 So. 3d 105, 110 (¶20) (Miss. Ct. App. 2013). Because there was no error, we do not find plain error. This issue is without merit.

### C. Ineffective Assistance

¶15. Jones claims that because his trial counsel did not object to the indictment, he was

denied effective assistance of counsel.

¶16. To prove ineffective assistance of counsel, Jones must show: (1) his counsel's performance was deficient, and (2) this deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because Jones's indictment was not defective, his trial counsel's failure to object was not deficient. This issue is without merit.

## II. Issues Raised for the First Time on Appeal

### A. Involuntary Plea

¶17. Jones claims his plea was involuntary. However, "[a] petitioner who fails to raise an issue in his PCR motion may not raise that issue for the first time on appeal." *Bass v. State*, 174 So. 3d 883, 885 (¶7) (Miss. Ct. App. 2015) (quoting *Fluker v. State*, 17 So. 3d 181, 183 (¶5) (Miss. Ct. App. 2009)).

¶18. Notwithstanding the fact that Jones's claim is procedurally barred, it also has no merit. Jones argues he was induced into pleading guilty by the fear of receiving life in prison without the possibility of parole. But pursuant to Rule 8.04(A)(4)(b) of the Uniform Rules of Circuit and County Court, the circuit court must "inquire and determine . . . [t]hat the accused understands . . . the maximum and minimum penalties provided by law[.]"

### B. Meaningful Appeal

¶19. Jones claims he was denied the right to a meaningful appeal because of omissions in the record—statements from witnesses, police reports and affidavits, crime-lab reports, and a photocopy of the firearm. Jones further claims that because of these omissions, the record contains no factual basis for his conviction.

¶20. Mississippi Rule of Appellate Procedure 10(a) provides in relevant part: "[T]he record shall consist of designated papers and exhibits filed in the trial court, the transcript of proceedings, if any, and in all cases a certified copy of the docket entries prepared by the clerk of the trial court." Mississippi Rule of Appellate Procedure 10(b)(3) provides in relevant part: "In any case other than a case where the defendant has received a death sentence, the record *shall not* include, unless specifically designated, . . . papers relating to discovery . . . ." (Emphasis added).

¶21. Even if the documents did not relate to discovery, "an incomplete trial record, of itself, does not constitute reversible error." *Stapleton v. State*, 790 So. 2d 897, 899 (¶9) (Miss. Ct. App. 2001). Jones "must demonstrate some prejudice arising out of the omission of some part of the record." *Id.*

¶22. Contrary to Jones's assertion, the record does contain a factual basis for his convictions. Jones agreed to the factual basis presented at the guilty-plea hearing, which provided in part: "[O]n or about September 19, 2010, in Winston County, Mississippi, . . . [Jones] did willfully, feloniously, unlawfully and knowingly or intentionally, without authority of law, possess a firearm after [he] had been previously convicted of a felony[.]" This issue is also without merit.

¶23. **THE JUDGMENT OF THE CIRCUIT COURT OF WINSTON COUNTY DISMISSING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WINSTON COUNTY.**

**GRIFFIS, P.J., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**