## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2016-CP-01474-COA

LYNDON B. BRITAIN A/K/A LYNDON BRITAIN          APPELLANT
A/K/A LYNDON BRYAN BRITAIN A/K/A
LYNDON BRYON BRITAIN A/K/A LYNDON
BRIAN BRITAIN A/K/A BRIAN BRITTAN

v.

STATE OF MISSISSIPPI                                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 11/07/2016 |
| TRIAL JUDGE: | HON. LESTER F. WILLIAMSON JR. |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LYNDON B. BRITAIN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: KATY T. GERBER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED: 10/17/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., CARLTON AND GREENLEE, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     Lyndon B. Britain appeals the denial of his motion for post-conviction collateral relief

(PCCR).  We find no error and affirm.

FACTS AND PROCEDURAL HISTORY

¶2.     On March 26, 2012, Britain entered a plea of guilty to possession of precursors with

intent to manufacture a controlled substance, and was sentenced to twenty years, with

nineteen years and 171 days suspended, leaving 194 days to serve in the custody of the

Mississippi Department of Corrections (MDOC), followed by five years of reporting post-

release supervision, and five years of nonreporting post-release supervision.

¶3.     A petition for revocation of post-release supervision was subsequently filed. At the revocation hearing, Britain admitted that while on post-release supervision, he committed the felony crimes of possession of methamphetamine, possession of morphine, and possession of Schedule II, III, IV, and V controlled substances. As a result, on August 24, 2012, the circuit court entered an agreed order of revocation of post-release supervision and sentenced Britain to serve nineteen years and 171 days in the custody of the MDOC.

¶4.     On June 19, 2016, Britain filed a motion for PCCR. In his motion, Britain argued his conviction and sentence were invalid due to an illegal search and seizure and ineffective assistance of counsel. On November 7, 2016, the circuit court found Britain's claims were time-barred and denied the motion. Britain now appeals.[1]

## STANDARD OF REVIEW

¶5.     We will not disturb a circuit court's denial of a motion for PCCR unless the factual findings are clearly erroneous. *Kennedy v. State*, 179 So. 3d 82, 83 (¶5) (Miss. Ct. App. 2015). However, questions of law are reviewed de novo. *Id.*

## ANALYSIS

*I.      Time-Bar*

¶6.     Pursuant to Mississippi Code Annotated section 99-39-5(2) (Rev. 2009), in the case of a guilty plea, a motion for PCCR shall be filed "within three (3) years after entry of the

---

[1] By order entered November 29, 2016, Britain was declared indigent and allowed to proceed on appeal in forma pauperis. On appeal, Britain challenges his original conviction and sentence. He does not contest the revocation.

2

judgment of conviction." Here, Britain's judgment of conviction was entered March 26, 2012. Thus, Britain had until March 26, 2015, to move for PCCR. However, Britain did not file his motion for PCCR until June 19, 2016, over four years after his conviction. Consequently, Britain's motion is time-barred.

¶7. Britain acknowledges his motion for PCCR is untimely, but claims he is exempted from the procedural bar under *Rowland v. State*, 42 So. 3d 503 (Miss. 2010). Pursuant to *Rowland*, "errors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act]." *Id*. at 507 (¶12). However, "the mere suggestion of a constitutional-right violation is not itself sufficient to surmount the time-bar." *Jones v. State*, 203 So. 3d 657, 659 (¶8) (Miss. Ct. App. 2016). "There must at least appear to be some basis for the truth of the claim before the limitation period will be waived." *Id*. Thus, we address Britain's claims.

## II. Illegal Search and Seizure

¶8. Britain asserts that "due to the lack of probable cause and no search warrant by a [j]udge, the search and seizure was unreasonable[,] resulting in illegally obtained evidence." However, the record reflects Britain entered a valid guilty plea. "A valid guilty plea constitutes a waiver of certain constitutional claims, including illegal search and seizure." *Garcia v. State*, 14 So. 3d 749, 750 (¶6) (Miss. Ct. App. 2009).

¶9. "A guilty plea is voluntarily and intelligently made if the circuit court 'advise[d] the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea.'" *Berryhill v. State*, 197 So. 3d 938, 940 (¶7) (Miss. Ct. App. 2016) (quoting

3

*Burrough v. State*, 9 So. 3d 368, 373 (¶11) (Miss. 2009)). Here, both the plea petition and the plea-hearing transcript show Britain was advised of and understood his constitutional rights, the nature of the charge against him, the minimum and maximum sentences for the charge, and the consequences of his guilty plea. Thus, the record shows Britain's guilty plea was voluntarily and intelligently entered.

¶10. Since the record shows Britain entered a valid guilty plea, his claim of an illegal search and seizure was waived.

### III. Ineffective Assistance of Counsel

¶11. To prove ineffective assistance of counsel, Britain must show: his counsel's performance was deficient, and this deficiency prejudiced the defense. *Liddell v. State*, 7 So. 3d 217, 219 (¶6) (Miss. 2009) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. To overcome this presumption, Britain "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

¶12. Britain claims his counsel was ineffective since she "failed to acknowledge [the] fact that probable cause and a search warrant were lacking." The plea petition and the plea-hearing transcript show Britain's attorney counseled and advised him on the nature of the charge, any lesser-included offenses, and all possible defenses that he might have had in this case. Additionally, during his plea hearing, Britain advised the circuit court, under oath, that he was satisfied with his counsel and the assistance she provided. "Solemn declarations in

4

open court carry a strong presumption of verity." *Berryhill,* 197 So. 3d at 941 (¶7).

¶13. Britain has failed to show that his counsel's performance was deficient, and that the alleged deficiency prejudiced his defense. Accordingly, Britain's claim of ineffective assistance of counsel fails.

¶14. We find Britain's motion for PCCR is procedurally barred, and no exceptions apply. Accordingly, we affirm the circuit court's denial of Britain's motion for PCCR.

¶15. **AFFIRMED.**

**LEE, C.J., IRVING, P.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR. TINDELL, J., NOT PARTICIPATING.**