# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2025-CP-00260-COA

**ZACHARY KENDRICK POLK A/K/A ZACHARY K. POLK**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/27/2025 |
| TRIAL JUDGE: | HON. JOHN R. WHITE |
| COURT FROM WHICH APPEALED: | MONROE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ZACHARY KENDRICK POLK (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 01/06/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., WESTBROOKS AND McDONALD, JJ.**

**McDONALD, J., FOR THE COURT:**

¶1.     Zachary Kendrick Polk, appearing pro se, appeals the Monroe County Circuit Court's dismissal of his motions for post-conviction collateral relief (PCR).[1]  In his motions, Polk raised several issues, including his desire to withdraw from his plea agreement, the validity of the search and seizure of methamphetamine he was charged with possessing, and generally the wrongfulness of his arrest and conviction.  On appeal, Polk argues that the search was illegal and that he was not in direct possession of the methamphetamine found.  After the State filed its brief, Polk raised additional claims in his reply brief, including a claim of

---

[1] Polk filed an original motion and two supplemental motions that the circuit court considered.

ineffective assistance of counsel.  Having considered the parties' briefs, the record, and relevant precedent, we affirm the judgment of the circuit court.

## FACTS AND PROCEDURAL HISTORY

¶2.    Within two years, Polk was arrested three times for the possession of methamphetamine, which resulted in three separate indictments and cases in the Monroe County Circuit Court.

¶3.    Polk's first arrest occurred on January 17, 2023.  He was indicted the following July on a single charge of possession of methamphetamine in violation of Mississippi Code Annotated section 41-29-139(f) (Supp. 2022), and the case was docketed as Cause No. 23-cr-00149.

¶4.    Polk's second arrest for possession of methamphetamine occurred on September 18, 2023, while his first case was pending.

¶5.    On October 5, 2023, Polk pled guilty to the possession charge in Cause No. 23-cr-00149.  The court sentenced him to three years in the custody of the Mississippi Department of Corrections (MDOC) but suspended the sentence and placed Polk on post-release supervision (PRS).

¶6.    Polk was then indicted on March 29, 2024, for the September 18, 2023 possession charge.  This case was docketed as Cause No. 24-cr-00027.

¶7.    While on PRS in Cause No. 23-cr-00149 and while Cause No. 24-cr-00027 was pending, on September 15, 2024, Polk was arrested a third time for possession of methamphetamine and tampering with evidence.

¶8.     On September 17, 2024, the State filed a petition in his first case, Cause No. 23-cr-000149, to revoke Polk's PRS because of the September 15, 2024 arrest. At a November 18, 2024 hearing on the petition to revoke, all three cases were discussed with the court. Polk stated that he had been speaking with the prosecutor, and he was hoping that all three cases could be combined somehow and that he could be referred to drug court. He was in jail at the time, awaiting initial screening for participation in drug court. The court continued the hearing until the screening was completed and discussions finalized about the other cases.

¶9.     On November 25, 2024, Polk was indicted for the September 15, 2024 charges. This case was docketed as Cause No. 24-cr-00332.

¶10.    All three cases were considered by the court on December 10, 2024. At that time, in Cause No. 24-cr-00332, the tampering charge was nolle prosequied, and Polk pled guilty to the charge of possession of methamphetamine. The court sentenced Polk to twenty years in the custody of the MDOC but suspended that sentence and ordered Polk to participate in and complete drug court for five years. In Cause No. 24-cr-00027, Polk also pled guilty, and the court sentenced him to eight years in the MDOC's custody but suspended the sentence. The court stated that this sentence would run concurrently with the sentences in cause Nos. 23-cr-00149 and 24-cr-00332. Finally, in Cause No. 23-cr-00149, the court issued an order on the petition to revoke his PRS. The court found Polk guilty of violating the conditions of his PRS and revoked it. The court imposed the original three-year sentence but again suspended it.

¶11.    As of December 10, 2024, Polk had been sentenced in three separate cases, but each

sentence had been suspended, and, in lieu, Polk was sent to drug court.

¶12.   On January 7 and 13, 2025, Polk was again arrested for the possession and sale of methamphetamine.  In response, on January 23, 2025, the State filed petitions to revoke Polk's probation because of the arrests and also because he failed to report to drug court, failed to appear on two occasions for drug testing, and when he did appear, he tested positive for methamphetamine on two occasions.  Before the hearing on the petition to revoke, Polk filed a document entitled "Motion to Withdraw From Plea Agreement, Post-Convention [sic] Release, under Mississippi Rule 21 MDOC #142561, Filing Pro Se Proverty Forma Parpuis [sic]" in Cause Nos. 24-cr-00027 and 24-cr-00332.

¶13.   The clerk also filed the pleading as a separate civil action under Cause No. 25-cv-00039.  In that civil case, Polk filed a second "Motion to Withdraw From Plea Agreement, Post-Convention [sic] Release, under Mississippi Rule 21 MDOC #142561, Filing Pro Se Proverty Forma Parpuis [sic] on February 13, 2025."  Both pleadings were signed before a notary public and were therefore treated as an affidavit.  On February 19, 2025, Polk filed another document in the civil case entitled "Motion to Writ Hapus Carpus [sic], Wrongful Accused and Wrongful Arrested; Motion to a Speedy Trail [sic] for Said Possession of Meth 5 grams and for Said Sale of Methamphetamine 12 grams enhanced with 1500 feet of church, under Mississippi Rule 21 MDOC #14250 Filing Pro Se Proverty Forma Parpuis [sic]."  It, too, was notarized.  Polk claimed in his filings (1) that he was wrongfully convicted and wrongfully accused, (2) that no alleged "crime" occurred, (3) that he had no criminal history, (4) that there was no booking report nor evidence of an alleged crime on

4

September 18, 2023, (5) that the indictment was "false and bogus," (6) that his arrest was wrongful because the methamphetamine was found in a toilet, (7) that the methamphetamine was inadmissible because it was the product of an illegal search and seizure, and (8) that the arresting officer was not credible.

¶14. On February 20, 2025, the court held a hearing on the State's petition to revoke Polk's probation in his three criminal cases. The court reviewed the allegations with Polk, who admitted that he was a drug addict and that the allegations of his violations were true. At the end of the hearing, the court revoked Polk's PRS in all three cases. In Cause No. 24-cr-00332, the court sentenced Polk to serve twenty years in the custody of the MDOC; in Cause No. 24-cr-00027, the court sentenced Polk to serve eight years in custody, and in Cause No. 23-cr-00149, the court sentenced Polk to serve three years in custody. The court ordered the sentences to run consecutively. On February 24, 2025, the court issued its written order revoking Polk's probation.

¶15. On February 27, 2025, the circuit court summarily denied and dismissed Polk's motions he filed in civil Cause No. 25-cv-00039. Treating them as PCR motions, the court found they contained mere allegations, and no evidence that demonstrated that Polk was entitled to any relief. There were no supporting affidavits, and the court determined that the grounds for relief were without merit.

¶16. On March 4, 2025, Polk appealed from the court's summary dismissal.[2] On appeal,

---

[2] The initial record filed did not contain and identify what the circuit court reviewed in making its decision. This Court issued an order on August 7, 2025, requiring that the record be supplemented pursuant to Mississippi Rule of Civil Procedure 54(c). The record was supplemented on August 12, 2025, for our review.

Polk argues that the officer's search of a bag in the rear of his car without a warrant was unconstitutional and that he did not have direct possession of the drug. He raises additional issues in his reply brief, including a claim of ineffective assistance of counsel.

**STANDARD OF REVIEW**

¶17. Summary "dismissal of a PCR motion is proper where it appears beyond a doubt that the [movant] can prove no set of facts in support of his claim which would entitle him to relief." *Netherland v. State*, 380 So. 3d 333, 338 (¶14) (Miss. Ct. App. 2024) (quoting *State v. Santiago*, 773 So. 2d 921, 924 (¶11) (Miss. 2000)). "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Avery v. State*, 362 So. 3d 1130, 1133 (¶9) (Miss. Ct. App. 2019) (quoting *Purnell v. State*, 126 So. 3d 949, 951 (¶4) (Miss. Ct. App. 2013)).

**ANALYSIS**

¶18. Before addressing Polk's claims, we first determine whether any of them are barred or waived. Then, we address the impact of Polk's guilty pleas on his right to directly challenge the evidence against him.

### I. Issues Abandoned

¶19. Polk raises two issues in his initial brief to this Court: that the search of a bag in the back of a vehicle where the methamphetamine was found was unconstitutional and that he did not have direct possession of the drugs. Polk raises none of the other issues he had presented to the circuit court, i.e., that the indictment was "false and bogus" or that the

6

arresting officer was not credible. "The law is well established that points not argued in the brief on appeal are abandoned and waived." *Arrington v. State*, 267 So. 3d 753, 756 (¶8) (Miss. 2019) (citing *Collins v. City of Newton*, 240 So. 3d 1211, 1221 (¶34) (Miss. 2018) ("Because the issue was not argued in the Collinses' appellate briefing, we consider it abandoned and waived.")). Accordingly, we will not consider any issue that Polk raised to the trial court but does not raise on appeal.

## II. Issues Procedurally Barred

¶20. In his reply brief, Polk raises new issues in addition to his challenge to the legality of the search that he originally presented in his initial brief. These additional issues include (1) ineffective assistance of counsel, (2) abuse of discretion by the trial court when it denied his motion to withdraw his guilty pleas; and (3) insufficiency of the evidence. Our Supreme Court "does not generally consider arguments raised for the first time in a reply brief." *In re Est. of Ware*, 348 So. 3d 277, 293 (¶47) (Miss. 2022) (citing *Sanders v. State*, 678 So. 2d 663, 669-70 (Miss. 1996)); *accord Jenkins v. State*, 283 So. 3d 217, 221 (¶14) (Miss. Ct. App. 2019). The Mississippi Supreme Court has even held, "We will not consider issues raised for the first time in an appellant's reply brief." *Sanders*, 678 So. 2d at 669-70 (quoting *United States v. Anderson*, 5 F.3d 795 (5th Cir. 1993), *cert. denied* sub nom., *Barnett v. United States*, 510 U.S. 1137 (1994)). "Appellants cannot be allowed to ambush appellees in their Rebuttal Briefs, thereby denying the appellee an opportunity to respond to the appellant's arguments." *Id*. Here, Polk's new issues raised for the first time in his reply brief would deny the State an opportunity to respond. Consequently, those issues are procedurally

7

barred from consideration.

¶21. We further note that Polk did not raise the issues of ineffective assistance of counsel or sufficiency of the evidence in the motions he filed with the trial court. "[I]ssues not presented to the trial court are procedurally barred from review." *Watkins v. State*, 360 So. 3d 664, 669 (¶9) (Miss. Ct. App. 2023); *see also Bland v. State*, 312 So. 3d 417, 419 (¶11) (Miss. Ct. App. 2021) ("[I]ssues raised for the first time on appeal are procedurally barred from review as they have not first been addressed by the trial court." (quoting *Griffin v. State*, 824 So. 2d 632, 635 (¶7) (Miss. Ct. App. 2002))). Accordingly, for both reasons, the new issues raised in Polk's reply brief are procedurally barred from consideration.

¶22. The only issues for us to consider are Polk's claims that the search and seizure of the evidence against him violated his Fourth Amendment rights and that the State failed to prove constructive possession.

### III. Impact of Polk's Guilty Pleas

¶23. Although Polk's challenge to the search and admissibility of evidence is not procedurally barred, a bigger hurdle he does not clear is that he waived the right to raise such a challenge when he voluntarily pled guilty. In his PCR motions, Polk does not even mention the voluntariness of his pleas. Without setting aside his pleas for some meritorious reason, we cannot address any substantive challenges to the legality of the search and seizure or admissibility of the evidence.

¶24. To review, Polk pled guilty to methamphetamine possession in three separate cases. In each, he acknowledged to the court as reflected in the plea colloquy that he was

"knowingly, understandingly, freely, and voluntarily" entering his pleas of guilty. In each case, the circuit court covered with Polk the constitutional rights he was waiving, including his rights to a jury trial, to confront witnesses against him, and to challenge the evidence presented against him. "A guilty plea is binding and valid where it is entered voluntarily, knowingly, and intelligently by the defendant." *Hollon v. State*, 385 So. 3d 482, 485 (¶14) (Miss. Ct. App. 2024).

¶25. However, in his PCR motions, Polk sought to challenge the legality of the search and the admissibility of the evidence presented against him despite his waiver of the right to do so when he voluntarily pled guilty. Caselaw is clear that "[a] valid plea waives the defendant's right to make certain constitutional challenges, including those under the Fourth Amendment." *Thornhill v. State*, 919 So. 2d 238, 241 (¶16) (Miss. Ct. App. 2005) (quoting *King v. State*, 738 So. 2d 240, 240-41 (¶¶4-5) (Miss. 1999)).

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of his constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Those rights can only be restored if there was a basis for finding that the plea was not freely and voluntarily made and the guilty plea set aside. "In a PCR proceeding, the petitioner has the burden of proving his plea is invalid." *Young v. State*, 329 So. 3d 589, 591 (¶6) (Miss. Ct. App. 2021).

¶26. In Polk's case, although he moved to withdraw his guilty pleas, he cited no basis for the court to find that the plea was not binding. Polk made no argument and provided no

proof or evidence that his pleas were not voluntary. Without stating a reason why his pleas were not voluntary, for example, had the circuit court misinformed him of the minimum sentence during the plea colloquy as in *Love v. State*, 391 So. 3d 1170, 1177 (¶20) (Miss. 2024), Polk gives us no reason to search the record. "Solemn declarations in open court carry a strong presumption of verity." *Britain v. State*, 229 So. 3d 211, 213-14 (¶12) (Miss. Ct. App. 2017) (quoting *Berryhill v. State*, 197 So. 3d 938, 941 (¶7) (Miss. Ct. App. 2016)). Accordingly, because Polk did not challenge the validity of his guilty pleas, they are binding, and any challenges to the proof presented against him were, and remain, waived.

## CONCLUSION

¶27. Several of Polk's claims in his PCR motions are waived or procedurally barred, and because he raised no challenge to the validity of his guilty pleas, we affirm the circuit court's judgment dismissing Polk's PCR motions.

¶28. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, LAWRENCE, McCARTY, EMFINGER AND LASSITTER ST. PÉ, JJ., CONCUR. WEDDLE, J., NOT PARTICIPATING.**

10